WILSON *et al.*, Appellants, *vs.* BROWN'S ADMINISTRATOR, Respondent.

1. An appeal lies from the order of a county or probate court approving an administrator's sale of real estate.

*Appeal from Jasper Circuit Court.*

The case is stated in the opinion of the court.
*F. P. Wright*, for appellants.
No brief or appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

Hamilton, as administrator of the estate of Wm. Brown, deceased, made application to the county court of Jasper county, for the sale of lands of said estate, for the payment of debts. An order was made directing the sale of certain lands, or so much thereof as might be necessary for the payment of the debts of the estate.

The administrator made sale of the lands. Upon the presentation of his report of the sale, the appellants appeared in the county court, and filed their objections to the report. Wilson showed himself interested as a creditor, and Rickner and wife as heirs of the deceased.

The county court overruled the objections, and approved the report. The objectors then appealed from this order of the county court approving the sale by the administrator to the Circuit Court. In the Circuit Court, upon the calling of the case, Hamilton, the administrator, moved the court to dismiss the appeal, because no appeal lies from the judgment of the county court approving the report of an administrator's sale of real estate. The Circuit Court sustained this motion, dismissed the appeal, and rendered judgment against the appellants for costs. The appellants excepted to this decision of the court, filed their motion to set aside the order dismissing the appeal, which, being denied, they excepted, and bring the case by appeal to this court.

1. The only question in this case is, will an appeal lie from the order of the county court, approving an administrator's sale of real estate, to the Circuit Court? If this question be answered in the affirmative, then the Circuit Court erred in dismissing the appeal. In the 8th article of the act concerning "Administration," (R. C. 1845, sec. 1,) we find that "appeals shall be allowed from the decision of the county court to the Circuit Court, in the following cases" (after enumerating five classes, the sixth is as follows): "On all orders for the sale of real estate or slaves." Here is authority expressly on the subject. It will not do to limit the appeal to the first order made in regard to the sale—to the order directing the sale only, and not to any other orders made concerning such sale. We read the sixth clause thus: "On all orders concerning the sale of real estate," and do not confine the right to appeal, to the order making it the duty of the administrator to sell. Before the county or Probate Court will order the sale of real estate, it becomes the duty of such court to order all persons interested in the estate to be notified of the application for such sale. Why is this done? That persons interested may, if they think fit, be present to defend their interests. If the county court shall refuse to approve the proceedings and report of the administrator upon such sale, the proceedings shall be void, and

a new sale may be ordered. (R. C. 1845, tit. Administration, art. 3, § 24, 33, p. 86, 87.)

The Circuit Courts have appellate jurisdiction from the judgments of the county courts, in all cases not *expressly* prohibited by law, and possess a superintending control over them. (R. C. 1845, tit. Courts—judicial power, p. 330.)

We then answer the question in this case in the affirmative, having not the least doubt that an appeal will lie in this case from the county court to the Circuit Court. In this opinion, we have confined ourselves alone to the one question. We do not intimate our opinion on the merits of the controversy, having nothing to do with that part of the case as it now stands before us. The judgment of the Circuit Court, dismissing the appeal from the county court, is erroneous, and must be reversed, and the cause remanded ; Judges Scott and Leonard concurring.