JAMES H. McGEE *et als.*, Respondents, *v.* DAVID ROBERTS, PUBLIC ADMINISTRATOR, IN CHARGE OF THE ESTATE OF ROB'T C. THOMPSON, DEC'D, Appellant.

*Administration — Judgment — Appeal.*—The action of the County Court in setting aside an order of sale of the real estate of the decedent, is a final decision from which an appeal lies by the administrator to the Circuit Court.

*Appeal from Clay Circuit Court.*

*Vories & Vories*, for appellant.

The court below erred in dismissing the appeal taken from the County Court. The judgment rendered was a final judgment from which an appeal would lie ; and if so, then the court below ought to have heard the case, and not have dismissed the appeal—Art. 5, § 3, Const., R. C. 1855, p. 38 ; R. C. 1855, p. 174, § 1, clauses 6 & 12; Wilson v. Brown, 21 Mo. 410; R. C. 1855, p. 533, § 8, cl. 4.

*H. B. Bouton*, for respondents.

I. The appeal was properly dismissed. The County Court made no order from which an appeal lies, no order for the sale of real estate—R. C. 1855, p. 174, § 1; Dyer et als. v. Carr's Exec'r, 18 Mo. 246; Wolf et al. v. Wohlein et al., 32 Mo. 124, 133–4.

II. No final judgment was rendered by the County Court —Harrison v. Rush, 15 Mo. 175 ; Robinson v. Morgan Co. Ct., 32 Mo. 431; Pacific R.R. v. Burger, 32 Mo. 578; Young v. Stonebreaker, 33 Mo. 117 ; Smarr v. McMaster, 34 Mo. 204 ; Forman's Adm'r v. Bashore's Adm'r, 34 Mo. 245 ; Adams v. Trigg, 35 Mo. 190.

FAGG, Judge, delivered the opinion of the court.

Upon the application of the appellant, an order was made by the County Court of Clay county directing him as public administrator of said county having in charge the estate of Robert C. Thompson, deceased, to sell all of the real estate

belonging to the estate of said deceased, or so much thereof as might be necessary to pay the debts of said estate. Afterwards the respondents, as the heirs at law of the said Robert C. Thompson, appeared and filed their motion asking the County Court to set aside and vacate the order of sale, which was sustained. An appeal from the action of the County Court was taken to the Circuit Court, which was by the latter court dismissed for the reason that the action of the County Court was not embraced within the provisions of the statute authorizing appeals to be taken from the County to the Circuit Court. The case is brought to this court by appeal, and the record presents but one question to be determined. Section 1 of art. 8, chap. 2, R. C. 1855, after enumerating specifically eleven classes of cases in which appeals from the decision of the County to the Circuit Courts shall be allowed, provides as follows: " *Twelfth.* * * * *And* in all other cases, when there shall be a *final decision of any matter arising under the provisions of this act.*" The administrator had, in pursuance of the provisions of this statute, made his application for the sale of the real estate belonging to his intestate, and the County Court, by setting aside the order of sale, in effect decided against his petition, and thereby refused to subject the land belonging to the estate to sale for the payment of its debts. What other steps could be taken for the purpose of reaching a final decision of this matter? The application for the sale was made upon an exhibit of the condition of the estate, and the only question for the determination of the court was whether the personal estate was exhausted so as to require the sale of the real estate for the payment of debts or not. By refusing to make the order of sale the court decided that question, and its action was final and conclusive against the application of the administrator unless appealed from.

The Circuit Court therefore erred in dismissing the appeal, and its judgment is reversed and the cause remanded. The other judges concur.