PETER RICHARD KENRICK, Defendant in Error, *v.* GEORGE B. COLE AND LOUIS BOLDUC, Plaintiffs in Error.

1. *Wills — County Courts — No direct appeal from in matters of probate.* — A County Court, where there is no Probate Court, under section 7, chapter 137, Gen. Stat. 1865, has exclusive jurisdiction of all questions relative to the admission of wills to probate, and from its decision therein there is no direct appeal. Subdivision 2, section 2, chapter 136, Gen. Stat. 1865, can not be applied to County Courts as courts of probate in the absence of express provision elsewhere in the statute touching such appeals. The appellate jurisdiction of the Circuit Court in matters of probate has been uniformly referred to the provisions of the statute as now embraced in section 1, chapter 127, Gen. Stat. 1865; and the closing paragraph of that section, providing for appeal "in all other cases * * under this law," construed in connection with section 1, chapter 2, p. 174, R. C. 1855, does not embrace the subject of wills or their probate.

2. *Wills — County Court — Orders of, touching wills, not specifying who shall receive property devised — Effect of.* — An order of a County Court touching a probate estate, which does not specify who individually are to receive the property devised, but simply announces that the property shall go to the next of kin, is not an order of distribution or apportionment within the meaning of the third subdivision of section 1, chapter 127, Gen. Stat. 1865.

## Error to Second District Court.

*Perryman & Denning*, and *Glover & Shepley*, for plaintiffs in error.

I. The County Court of Washington county had exclusive, original jurisdiction of the matter of probating this will. (Gen. Stat. 1865, ch. 137, § 7.) It was therefore competent to render any judgment in the premises. That court had power to render just such a judgment as it did. (Jackson v. Jackson, 4 Mo. 210.)

II. An appeal, as here taken, will not lie from the judgment of the County Court admitting a will to probate or rejecting it. (In the matter of Milton Duty's Estate, 27 Mo. 43.)

III. The County Court made no order of distribution.

IV. If the defendant in error thinks himself aggrieved by the judgment of the County Court, he has his remedy. (Gen. Stat. 1865, ch. 131, § 29; In the matter of Milton Duty's Estate, 27 Mo. 43; Dickey et al. v. Malechi, 6 Mo. 177.)

V. Even if the appeal was properly granted, the Circuit Court had no power to look into the judgment of the County Court as to rejection of the tenth clause in the will and refusing to probate the same. (Const. Coux v. Lowther, 1 Lord Raym. 601; Rush v. Rush, 19 Mo. 441; Smith's Adm'r v. Rollins, 25 Mo. 408; Pomeroy v. Betts, 31 Mo. 419; Cov. Mut. Life Ins. Co. v. Clover et al., 36 Mo. 392.)

VI. Certainly the County Court had the power to probate part of the will and not the whole. (Jackson v. Jackson, 4 Mo. 210; Graham v. O'Fallon, 3 Mo. 507; 4 Mo. 338; Redf. on Wills, 181, note 48.) It is an exercise of power applicable to all instruments. (Greenfield's Estate, 14 Penn. St. 489.)

*Garesche & Mead*, for defendant in error.

I. The duty of the County Court was simply to confirm or reject the probate taken by the clerk. (Gen. Stat. 1865, p. 529, § 13.)

II. The whole will should have been probated, even though there were objectionable features in it. (Dayton's Surrogate, 58; Poole v. Poole, 35 Ala. 19.) In probate the question "is simply whether the writing is the last will of deceased, and whether it was duly executed and published by him as such." Hence that he intentionally omitted "children," matters not.

(Loveux v. Keller, 5 Iowa, 201; Jolliffe v. Fanning & Phillips, 10 Richardson, S. C., 193.)

III. Therefore the appeal of defendant in error was not from the probate of a will, but from extra-judicial matter, and for which appeal is given from the Probate Court to the Circuit Court. Section 7, p. 557, Gen. Stat. 1865, confers jurisdiction on County Court. Section 1, p. 575, gives an appeal to Circuit Court in such cases. (In the matter of Milton Duty's Estate, 27 Mo. 43.)

IV. The decisions of Graham v. O'Fallon, 3 Mo. 354; Jackson v. Jackson, 4 Mo. 210; Dickey v. Malechi, 6 Mo. 178, are not adverse; they relate to cases where wills were lost. Parts of wills were sought to be proven. This probate was resisted under the rule that the whole will must be probated. The Supreme Court decide that where the will is lost, part of a will may be probated, and that such cases are exceptions to the general rule.

V. The rule must work both ways. If the probate of a will be so conclusive that a decision in probate declaring, as in this instance, that a clause is unconstitutional, is final as part of an order of probate, then, on the other hand, every order of probate confirming clauses of a will, by the admission of the instrument to probate, precludes all questions as to the validity and the construction of the provisions of the will. Our courts abound with decisions which establish a contrary practice. (Chambers v. City of St. Louis, 29 Mo. 543; In the matter of Geo. Collier's Will, 41 Mo. 503.)

BLISS, Judge, delivered the opinion of the court.

This cause came into the Circuit Court by appeal from the following order of the County Court of Washington county, made at its August term, 1868, to-wit:

" In the matter of the probate of the last will and testament of Maria L. Lamarque, deceased. At a term of this court held on the fourth day of the August term, 1868, the paper purporting to be the last will and testament of Maria L. Lamarque, deceased,

being by George B. Cole, the acting executor, offered for probate, and Louis Bolduc and other heirs at law and next of kin to said deceased, appearing in opposition to the same and to the tenth clause of said will, on the ground that the devise to Peter Richard Kenrick, a priest and bishop of the Catholic church, a religious sect, order, or denomination, was void, as in violation of the provisions of section 13, article 1, of the constitution of the State of Missouri ; and the said court having heard the arguments of counsel for the respective parties, and having duly considered the same, it is ordered and adjudged by the court that the said will be admitted to probate as the last will and testament of Maria L. Lamarque, deceased, except the following clause thereof, to-wit:

" '10th. All the remainder, rest, and residue of the estate, real, personal, and mixed, whereof I shall die seized, entitled, or possessed, including herein also everything which, though herein disposed of, may by lapse, or other failure in intendments of law, be regarded as undisposed of, I give, bequeath, and devise to Peter Richard Kenrick, of the city and county of St. Louis, Missouri, constituting him my residuary legatee.'

" Which said clause and legacy devised to Peter Richard Kenrick is void and of no effect, and the said Maria L. Lamarque is adjudged and decreed to have died intestate as to all estate and property not specially devised by the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth clauses of said will, and that the residue of her said estate not especially devised as aforesaid be distributed by said executor to the next of kin of said deceased."

The Circuit Court reversed so much of the order of the County Court as begins with the words " except the following clause thereof, to-wit," reciting the clause. This action of the Circuit Court was affirmed in the District Court, and the case comes here by error. The next of kin object to the action of the Circuit Court principally upon the ground that the County Court possessed exclusive jurisdiction upon the subject-matter of its order, and that from its decision there is no direct appeal.

That County Courts, where there is no Probate Court, have original and exclusive jurisdiction " in all cases relative to the

probate of last wills and testaments" (see § 7, ch. 137) is undisputed; and it is clear that the general language at the close of the section, "subject to appeal in all cases to the Circuit Court in such manner as may be provided by law," can not take effect unless the statute otherwise provides the mode of appeal.

The closing paragraph of section 1, chapter 127, General Statutes, might be construed to provide for an appeal from the orders of County Courts, relative to the probate of wills, if the General Statutes were an original enactment. The paragraph provides for an appeal "in all other cases where there shall be a final decision of any matter arising under the provisions of this law," which provision is a copy from the Revised Statutes of 1855, excepting that the word "law" is substituted for "act." This slight change was probably made for the reason that the revision of 1855 consisted of separate acts, while that of 1865 consists of one enactment. To what, then, do the words "this law" refer—to chapter 127, or to title 32 of "Estates," etc., or to the whole act, i. e. the whole volume? The ambiguity is removed by section 5 of chapter 224, which provides that the provisions of the General Statutes, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, etc. ; for, by referring to the Revised Statutes of 1855, we find that section 1, chapter 127, "of appeals," is a part of the act of 1855, concerning administration, which does not embrace the subject of wills or their probate, is a continuation of that act, and hence the words "this law" only embrace the purview of that act.

The language, however, of section 2, chapter 136, General Statutes, gives Circuit Courts "appellate jurisdiction from the judgments and orders of County Courts and justices of the peace in all cases not expressly prohibited by law," etc. ; but this provision does not authorize an appeal in the ordinary form from the County Courts unless such appeal is expressly provided for by other statutes. (Snoddy v. Pettis County, 45 Mo. 361.) The appellate jurisdiction of the Circuit Court in matters of probate has been uniformly referred to the provisions of the statute as now embraced in section 1, chapter 127, General Statutes ; Dyer v. Carr's Ex'r, 18 Mo. 246 ; Wilson v. Brown's Adm'r, 21

Mo. 410 (Judge Ryland quotes the above extract from section 2, chapter 136, but seems not to rely upon it); McGee v. Roberts, 39 Mo. 514; Baker v. Schoenman, 41 Mo. 391; and in the matter of Duty's Estate, 27 Mo. 43. In the last case Judge Richardson expressly holds that an appeal will not lie from a judgment of a County Court admitting a will to probate— thus, by implication, ignoring the general grant of appellate jurisdiction to the Circuit Court in section 2, chapter 136. Acquiescing in this view, counsel rely upon section 7, chapter 137, and upon section 1, chapter 127, of General Statutes. The former section, as we have seen, provides for an appeal "in such manner as may be provided by law." This section is part of the chapter pertaining to County Courts, and recapitulates the several matters of probate jurisdiction given by other chapters, and, in speaking of appeals, expressly refers to those parts of the statute which provide for appeals and the method of prosecuting them. The only other provision for reviewing the action of the County Court in the probate of last wills and testaments, is contained in section 29, chapter 131; and if that section does not meet the case as suggested by the counsel for the legatee, then there is no manner expressly provided by statute, unless such action is embraced in the enumerations of section 1, chapter 127. Driven to this section, the legatee insists that the appeal is provided for in the third and twelfth subdivisions. The third subdivision grants appeals " on all apportionments among creditors, legatees, or distributees ;" and if the order appealed from were an order of apportionment, in the legal sense of the term, the appeal would lie.

But we must look to the provisions of the law for apportionment, in order to see whether this order comes within them. Chapter 125 provides for the apportionment, etc., distribution of estates, and among all its provisions there is not one that bears any analogy to the order appealed from. Indeed, this order, so far as it directs distribution, amounts to nothing. It does not specify who individually are to receive the property devised by the tenth section of the will, but simply announces a principle of law that the bequest shall go to the next of kin. Even if the

order in relation to the tenth bequest were deemed a valid one, that part of it stating to whom or to what class of persons it belongs, without specifying them or stating the amount they or each of them are to receive, can have no effect — is not an order of distribution or of apportionment among distributees. The twelfth subdivision has already been considered, and provides, as we have seen, for cases in general arising under that part of the title embraced in the administration act of 1855.

We are not called upon to express any opinion as to the propriety of the action of the County Court, or to suggest a remedy if the legatee is aggrieved, but he is certainly not without one. We only hold that the case was not brought into the Circuit Court according to law, and in entertaining it that court committed an error.

The judgment of the District Court is reversed and the appeal dismissed. The other judges concur.