SANGUINETTE H. BENOIST *et al.*, Respondents, v. JAMES MURRIN *et al.*, Appellants.

1. *Wills, proceedings to test validity of — Transfer from Probate to Circuit Court.* — Proceedings to test the validity of a purported will are originally within the jurisdiction of the Probate Court where the will was originally probated and ordered to record. Such proceedings are *in rem*, operating directly upon the will — the *res;* and a transfer of the case to the Circuit Court does not change its character or the character of its subject-matter, and the jurisdiction of the Circuit Court, upon such transference, not being original, is derivative in effect, as on appeal; and after such transference the proceedings could not be dismissed by the contestants without prejudice to them — that is, without an affirmance of the prior judgment.

2. *Wills, proceedings to contest — Contestants not allowed to dismiss without prejudice.* — It has been repeatedly held that in proceedings to establish a will, those in the affirmative cannot take a nonsuit, and that it is the right of the contestant to insist upon a verdict. If the contestants in that case insist on the proceedings going forward to a verdict, certainly those upon whom is thrown the burden of establishing an instrument assailed and drawn in question by the action of the contestants, ought to have the same privilege.

*Appeal from St. Louis Circuit Court.*

*Wickham*, with whom was *Gantt*, for appellants.

I. The issue *devisavit vel non* having been regularly raised by the parties contestant, the executor becomes the propounder of the will and actor in the proceeding, which is in the nature of a proceeding *in rem.* Unlike an ordinary suit between individuals, it is inaccurate, and a misconception of this statutory proceeding, to call either of the parties plaintiffs or defendants. Both sides are equally actors, and the question of will or no will having been regularly raised, neither party is at liberty to withdraw and defeat the trial; on the contrary, the paper itself — the *res* — is *sub judice*, and the court must pass upon the issues and give judgment for or against the will, without regard to persons or parties, plaintiff or defendant. (St. John's Lodge v. Callender, 4 Ired. 343–4.)

II. The effect of the initiation of this proceeding before the Circuit Court, by parties who are properly entitled to contest a will, is to cast a doubt upon the validity of the will — to call in question the proof thereof, taken in common form *ex parte*

before the Probate Court, and require the will to be proven in solemn form before the Circuit Court. This having been done, the executor represents those who are interested in the provisions of the will, and, along with them, is entitled to have the issues on the will made up and tried in the Circuit Court. The contestants, after thus casting doubt upon the validity of the will, cannot at their pleasure withdraw from the proceeding and leave the will discredited, and the title to the property under it in doubt; but the parties claiming under the will are entitled to a trial of the issues made up. (Burrows v. Ragland, 6 Humph. 486.)

III. The manifest policy of the law and the interests of society are to encourage the early settlements of estates. But should the contestants be allowed to dismiss this proceeding at their pleasure, after the issues are made up under the statute, without prejudice, with the right secured to them of renewing the controversy at some future time within the five years allowed them by statute for commencing the proceeding, the wholesome policy of the law would be superseded. The title to the property of the testator would be placed in doubt, and the executor embarrassed and harassed with doubt as to the proper manner of administering the affairs of the estate. The policy of the law and the interests of society do not admit of such a course; and when the issue of will or no will is once made, it is the duty of the court to try the fact, and approve or reject the will, without reference to the individuals interested in the result. (Hodges v. Bauchman, 8 Yerg. 187–9.)

IV. The proceeding in the Circuit Court, in the matter of the probate of a will, is in the nature of an appeal from the action of the Probate Court. (Dickey v. Malechi, 6 Mo. 177.)

*Glover and Shepley*, for appellants.

I. If any party in interest is not satisfied with the *ex parte* common form of probate, he must signify it in such mode as the law provides, and then the person or persons interested in maintaining the will must prove it again "in solemn form"—that is, must establish it again by witnesses, and against all opposition. (2 Redf. Wills, 28, § 2.) The modes of proceeding to demand

probate in solemn form are different in different States; but probate is conclusive only when made in solemn form. (Brown v. Anderson, 13 Ga. 176–7; Kinard v. Riddlehoover, 3 Richardson, 258; Armstrong v. Baker, 9 Ired. 112; Etheridge v. Corprew, 3 Jones, 16; Collyer v. Idley, etc., 1 Bradf. 94.) When proof in solemn form is called for, the law says the propounders of the will shall make it; and as they are deeply interested in making it to quiet the contest about the will, the law further declares it is their right to make it finally and conclusively.

II. The proceeding to establish a will is a proceeding *in rem*, and, if conducted by and against parties who are interested in the question, calls in all other parties, who must take notice, and are bound by the judgment, whether they come in or not. (Hodges v. Bauchman, 8 Yerg. 186.) If all the parties interested are not before the court, nevertheless the judgment for or against the will is binding. (Singleton v. Singleton, 8 B. Monr. 350.) The probate or rejection of a will, by the proper tribunal having the case regularly before it, is, like a sentence *in rem*, conclusive, while it remains in force unreversed, between all persons, whether formal parties in interest and on the record or not. (Tibbatts v. Berry, 10 B. Monr. 474; Scott v. Calvit *et al.*, 3 How. Prac. 148; Nalle v. Fenwick, 4 Rand. 588.)

III. In Roberts v. Travick, 13 Ala., N. S., 74, the plaintiff, who had propounded the will, put in all his testimony but one witness, and heard all the testimony of the contestants, and then, fearing an adverse decision, offered to take a nonsuit; but the court would not allow it, and the Supreme Court of Alabama approved the ruling. (Kell v. Rogers, 28 Miss. 83; St. John's Lodge v. Callender, 4 Ired. 335; Love v. Johnston, 12 Ired. 358.) Certainly the same reasons would obtain when the effort is to prevent the conclusive proof of a will.

IV. The interests of society admitted of no delay. If any one or more interested objected to the validity of the will, then the court was ordered by the statute to make up an issue of will or no will and try the fact by a jury, and, according to the finding, record or reject the will. (Pegg v. Warford, 4 Md. 396.) By consent of parties the issues may be abandoned.

(Bond v. Gray, 2 Ga. 137.) The propounders of a will for probate cannot dismiss the proceedings.

The contestants are entitled to the judgment of the court. (Whitefield v. Hart, 9 Ired. 175.) In case of an issue *devisavit vel non*, either party has the right to insist on a verdict. (Rogers v. Thomas, 1 B. Monr. 394 ; Rigg v. Wilton, 13 Ill. 15.)

V. The proceeding to contest a will under our statute is a mere substitute for the old proceeding in chancery for trying in a court of law the issue *devisavit vel non*. (Hill v. Barge, 12 Ala. 687; 2 Smith's Ch. Pr. 74–89.) Whenever a party in interest contests a will, he shall present his petition, and an issue shall be made up and tried. (2 Wagn. Stat. 1368, § 29.)

*E. Casselberry*, for respondents.

I. The court below had the right to dismiss the suit. (Nordmanser v. Hitchcock, 40 Mo. 178 ; Fink v. Bruihl, 47 Mo. 173 ; Downing v. Still, 43 Mo. 321 ; Latham's and Deming's Appeal, 9 Wall. 145.)

II. The order of the court below, in dismissing the case, is without prejudice, which is in strict conformity with the former chancery practice. Under the former chancery practice, if a cause was dismissed without prejudice the complainant had the same rights as if no suit had ever been brought. He occupied the same position that the plaintiff occupies at common law when he takes a nonsuit. In this case, therefore, the plaintiffs had a right not only to dismiss their suit, but to bring a new suit to the same end, with like effect as if no suit had ever been brought. Inasmuch as the plaintiffs in the court below had the lawful right to dismiss the cause, it is not in order, nor is it necessary, to discuss their reasons for doing so. If it were, we could give the best of reasons.

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding under the statute (2 Wagn. Stat. 1368; § 29 ) to contest the validity of a paper produced and proved in the St. Louis Probate Court as the last will and testament of the late

Louis A. Benoist. After the case had been pending for some time in the St. Louis Circuit Court, and subsequently to the framing of issues, or rather the issue of *devisavit vel non*, the petition was dismissed without prejudice to the contestants' rights and upon their motion. The contestees thereupon moved to set aside the order of dismissal, and to reinstate the cause so that they might proceed to make proof of the will in solemn form, as it is called. The motion was overruled, and the contestees bring the case here by appeal. Whether the court was warranted in dismissing the petition in the manner stated, is the question presented by the record for consideration.

If this were an ordinary suit between litigating parties, over which the Circuit Court had original jurisdiction, there could be no doubt of the right of the plaintiffs to dismiss or take a nonsuit at any time prior to the final submission of the cause to the court or jury. (Gen. Stat. 1865, p. 662, § 47 ; 40 Mo. 178 ; 43 Mo. 321 ; Fink v. Bruihl, 47 Mo. 173.)

But this is not an ordinary suit, nor had the Circuit Court original jurisdiction of its subject-matter. The original jurisdiction was with the Probate Court, where the will was originally probated and ordered to record. The proceedings were *in rem*, operating directly upon the will—the *res ;* and the transfer of the case to the Circuit Court did not change its character, or the character of its subject-matter. The effect of the contestants' petition and the proceedings under it was to transfer that subject-matter from the Probate to the Circuit Court for adjudication in the latter court. There was no appeal in form, but the result of the process was the transference of the contest from an inferior to a superior court ; and that may be done without a formal appeal, as was decided by this court in Dickey v. Malechi, 6 Mo. 182, and where it was also held that the jurisdiction of the Circuit Court in cases like the present is not original. The jurisdiction not being original, it must be derivative, in effect, as upon on appeal.

If the statute had provided for a transfer of this class of cases from the inferior to the superior court by appeal, and the case had been brought up in that way instead of by petition, no one would

claim that the proceedings could be dismissed at the instance of the contestants without prejudice to them — that is, without an affirmance of the prior judgment.

In St. John's Lodge v. Callender, 4 Ired. 342, the party proposing to establish the will moved for leave to take a nonsuit, and the motion was overruled by the trial court, and its action was sustained by the Supreme Court of North Carolina. In delivering the opinion of the court, Ruffin, C. J., discusses the subject as follows: "We are not sure that we understand what was meant by the appellants asking leave to suffer a nonsuit, as the term is not appropriate to proceedings in the Probate Court. But from analogy to actions at law, we suppose the object was to withdraw from the court before a verdict was rendered on the issue *devisavit vel non*, so as to prevent the delivery of a verdict, and leave the party at liberty to institute another proceeding of the same kind. If so, we think it inconsistent with a proceeding of this sort and contrary to the nature of the jurisdiction of the court of probate. The instrument propounded is always brought into court in the first instance, and the jurisdiction is *in rem*. The inquiry is whether the party deceased died testate or intestate; and if the former, whether the script propounded be his will or a part of it or not. When once regularly raised, the court must pronounce on these questions without reference to the presence of this or that person. If a cause is about to be heard or under a hearing, and a party in interest is not furnished with full proof and has been surprised, his course is, for cause shown, to get an order for opening the case to further proof and deferring the pronouncing of sentence. * * * It is analogous to the trial of an issue out of chancery, only one is at the instance of the chancellor to satisfy his conscience, and the other the law compels the court of probate to make up in every case of a disputed will. From the nature of an issue, he who alleges the affirmative opens the case, and for that reason the party propounding a will is commonly spoken of as plaintiff. But it is inaccurate; for, properly speaking, there is neither plaintiff nor defendant, but both sides are equally actors in obedience to the order directing the issue. In

neither case is the party in the affirmative at liberty to withdraw and defeat a trial more than the party in the negative."

In North Carolina it seems that the issue *devisavit vel non* is made up in the Probate Court and sent thence to the superior court for trial; while with us the same issue is framed upon the contestants' petition. But this can make no difference with the proceedings subsequent to the making up of an issue. In either case the proceeding is *in rem*, and strictly of probate jurisdiction.

In Missouri and in a number of other States there are two modes of proving a will, one provisional and the other final. The first is denominated the common form, the second the solemn form. A will is proved in the common form when it is presented, proved and ordered to record, as provided in the thirteenth section of our statute of wills. That is or may be done in the absence of the parties in interest, and without citing them to appear. The validity of the will may nevertheless be contested, and the proof of it in solemn form required. "When a will is proved in solemn form," says Nisbet, J., in Brown v. Anderson, 13 Ga. 176, "it is necessary that all parties interested be cited to witness the proceedings, that the will be produced in open court, that the witnesses be there examined, and that all parties in interest have the privilege of cross-examination;" and that, in substance, is what is contemplated by the twenty-ninth section of our statute of wills. The proof in solemn form in this State is required only when a contest arises, and then the case is transferred to the Circuit Court in the mode provided by law (§ 29), as was done in the case at bar. The question here is—all the requisite parties being before the court, and every preliminary step having been taken—whether it lies with the contestants to defeat the whole proceeding by a voluntary nonsuit or dismissal. In my view every consideration of public policy is against the allowance of such claim. It is opposed to the authorities and in conflict with the policy and nature of probate proceedings of this character. It has repeatedly been held that the propounders of a will—those in the affirmative—cannot take a nonsuit, that it is the right of the contestants in such cases to

insist on a verdict. (Roberts v. Trawck, 13 Ala. 86 ; St. John's Lodge v. Callender, *supra;* Whitefield v. Hurst, 9 Ired. 175 ; and see Burrows v. Ragland, 6 Humph. 484–5 ; Etheridge v. Idley, 1 Bradf. 95 ; 2 Redf. Wills, 28 § 2, and note.) If the contestants may insist on the proceedings going forward to verdict, certainly those on whom is the burden of establishing an instrument assailed and drawn in question by the action of the contestants, ought to have the same privilege.

I think the Circuit Court should have disposed of the case upon its merits, and not permitted the contestants to go out of court without prejudice. It was exercising a branch of probate jurisdiction, and ought to have proceeded as it would have been the duty of the court of probate to have done had the statute authorized the same proceedings in the latter court, and the contest had been there pending.

The judgment will be reversed and the cause remanded. The defendant's motion must be sustained and the cause reinstated upon the docket of the Circuit Court. The other judges concur.