Harris, et al. v. Hays, et al.

WILLIAM HARRIS *et al.*, Appellants, *vs.* MARY ANN HAYS *et, al.*, Respondents.

1. *Practice, civil—Trials—Evidence, exclusion of—Injury—Reversal.*—When the exclusion of evidence has not injured the appellant, it is no ground for reversal of the judgment.

2. *Practice, civil—Trials—Instructions—Theory of case.*—The refusal of an instruction, based on a different theory from that on which both parties tried the case, is no ground for a reversal.

3. *Wills—Devisavit vel non—Judgment.*—Upon an issue of *devisavit vel non* the final order of the court should establish or reject the will.

4. *Wills—Devisavit vel non—Burden of proof—Circuit Court.*—*Semble*, that the better practice is, to regard proceedings to establish a will, as proceedings *in rem*, and to require formal proof of the execution of the will from those propounding it, even though it has been already admitted to probate.

5. *Wills—Parties—Witnesses.*—Parties in interest are competent witnesses in proceedings to establish a will.

*Appeal from Lafayette Circuit Court.*

*Wallace & Mitchell*, for Appellants.

I. The admissions of the widow, as to her control over, and influence exerted upon deceased in the making of said alleged will, should have been admitted.

II. The burden of proof of the will, is on the propounders of it. (Farrell's Admr. vs. Brennan's Admr., 32 Mo., 333; Tingley vs. Cowgill, 48 Mo., 291; Benoist vs. Murrin, 48 Mo., 48)

In the Circuit Court the will must be probated *de novo* in the "solemn form." (Dickey vs. Malechi, 6 Mo., 177; Benoist vs. Murrin, 48 Mo., 48; Garvin vs. Williams, 50 Mo., 211.)

III. The court was in this cause exercising a branch of probate jurisdiction, and ought by its judgment, to have either set aside the will, or probated it in solemn form. (Benoist vs. Murrin, 48 Mo., 48; Williams Exr. vs. Robinson, 42 Vt. 658; 1st. Amer. Reports, 358.)

*Rathbun & Graves*, for Respondents.

I. The court will not reverse a judgment on the ground of error in refusing instructions asked, when the instructions

given, fairly present the law. (State vs. Harrold, 38 Mo., 496; Beale vs. Cullum, 31 Mo., 258.)

II. The probating of wills under the statute is a judicial act which is binding upon all the world, until set aside in the mode, and within the time allowed by law. (Jourden vs. Meier, 31 Mo., 40.) And the burden of proof in this suit was on the contestants.

III. The admissions of the widow were properly refused, she being a competent witness.

Having renounced the will, she was merely a nominal party, and her admissions should not be received to the prejudice of other co-defendants. The appellants afterwards introduced her as their own witness.

IV. Although there be error in the proceedings below, the court will not reverse, if upon the whole matter, it appears that the judgment was for the right party. (Dube's Heirs vs. Smith's Heirs, 1 Mo., 313.)

NAPTON, Judge, delivered the opinion of the court.

This was a proceeding under our statute to set aside the will of James W. Harris, on the ground of undue influence over the testator by his second wife and one of his daughters and her husband—the testator being at the date of the will about sixty-four years old, and his body and mind greatly impaired by disease. The petition is made by two of his children, who were cut off by a legacy of five dollars each in the will. There is attached to the petition, a copy of the will, and the probate thereof, upon the testimony of the two subscribing witnesses. The testator had seven children, and leaves his wife and four of his children an equal share of his estate, and to three of his children five dollars, one of whom, (who is a defendant, or not a complainant, in this case,) was provided for by a deed for a tract of land, and the other two are stated in the will to have received from his estate their share. The wife was left $200 over and above her share of a child's part.

There was an answer and replication, and a publication as

to one of the heirs, and after various motions, not important, a trial. The case was submitted to the court.

After hearing the evidence, the court finally entered the following order or decree: "It is ordered by the court that this bill be dismissed, and that plaintiffs go hence, without day; and it is further considered by the court that defendants recover their costs, etc." There was a motion for a new trial; overruled; and an appeal.

The bill of exceptions shows that the plaintiffs opened the case and read the will, but did not read the probate, and then proceeded to examine witnesses to establish the imbecility of the testator, and the undue influence charged.

The contestants of the will offered to prove, by one of the contestants, statements of the widow of said Harris as to the influences she exercised over the testator; but the court excluded the proof, and the plaintiffs afterward introduced her as a witness. An exception was taken to the exclusion of her admissions or declarations.

At the conclusion of the testimony on both sides, the plaintiffs or contestants offered twelve instructions, all of which were refused except one, which is not material. One of the refused instructions is as follows: "On the issue in this case, as to whether the writing produced is the will of deceased, Harris, the defendants, who are endeavoring to establish and hold under the will, affirm that said paper writing is the last will and testament of said deceased, J. W. Harris, and the burden of proof rests on defendants to show the capacity of deceased to make a will at the time propounded will was executed, and also that such paper writing in controversy is the last will and testament of said deceased, duly signed by him or by his direction, and duly attested by subscribing witnesses as required by law; and this, too, independently of and in addition to the probate of such alleged will in the probate court, or before the judge of probate for said Lafayette county, and in addition to the proof upon which such probate was made before said judge of probate." Exception was taken to the refusal of these instructions.

The court then, of its own motion, gave the following in-
structions or declarations of law :

1. The plaintiffs do not deny the execution of the will, but
attack its validity upon the grounds of mental weakness and
infirmity, by reason of sickness and old age, and of undue
influence exercised over the testator.

The burden of proving these alleged facts is upon the plain-
tiffs ; and unless they have shown from the evidence that such
facts, or either of them, so operated upon the testator, that is,
that at the time of making the will, the testator was not of
sound mind, or that an undue influence was exercised over
his weakened intellect at or before the making of the will,
whereby he was induced to make such will, then the plain-
tiffs cannot prevail ; and unless the plaintiffs have proved
these facts, as above stated, they having assumed the opening
and closing of the case, it is immaterial whether the signature
of the testator to the will has been proven or not. The will
having been probated, and its execution not denied, this fact
stands admitted *prima facie*.

2. The court, sitting as a jury, has the right to judge of the
credibility of the witnesses; and if the court is satisfied that
any witness is not entitled to full credit, from the manner,
conduct and appearance of said witness, then it may disregard
any or all of such witness' testimony, although unimpeached
by other witnesses for truth and veracity.

Exceptions were taken to these instructions. The finding
of the court was for the defendants, and the form of the final
order or judgment has been stated heretofore.

The decisions of this court in regard to the forms of pro-
ceeding in contested will cases under our statute, have not
been uniform. In Farrell's Admr. vs. Brannan's Admr., 32
Mo., 332, the court seemed to think there was a difference be-
tween a petition to establish a will for the first time, which
had been rejected by the probate court, and a proceeding to
set aside one already admitted to probate, on the ground of
the incapacity of the testator, or undue influence, and conclu-
ded that in the last case the formal execution of the will was

admitted, and therefore the burden of proving the testator's incapacity devolved on the contestant. A different opinion had been maintained in Cravens vs. Falconer, 28 Mo., 19; and perhaps in Dickey vs. Malechi, 6 Mo., 177. A recent decision, (Benoist vs. Murrin, 48 Mo., 51,) undoubtedly favors the latter view, and regards the proceedings as in the nature of one *in rem.*, in which there must be, on the part of those propounding the will, a repetition of the formal proofs offered in the probate court, and consequently an assumption of the burden of proof on that side. The proceeding in the circuit court is considered in the nature of an appeal from the probate court, on which the trial is *de novo.*

It will be apparent, from the statement of this case, that the court and the parties proceeded in the trial upon the assumption that the probated will was *prima facie* the will, that its formal execution was admitted, and that the contestants had to establish the allegations of incapacity and undue influence. The contestants opened the case by producing the will, and then proceeded to examine witnesses to establish their allegations of undue influence and mental imbecility of the testator. At the close of this evidence, the defendants introduced witnesses to show the sanity and capacity of the testator, and the absence of improper influence; and among the witnesses were the two subscribing witnesses to the will. There was substantially formal proof of the execution of the will by the attesting witnesses; although, this being supposed to be admitted by the pleadings, no direct questions as to the execution of the will were asked.

The trial being one in which a jury was required, or at least permitted, (Lyne vs. Marcey, 1 Mo., 227; Swann vs. Gilbert, 3 Mo., 187,) and a jury having been waived, the finding of the court on the evidence must be treated here as the verdict of a jury.

But if this court was allowed to examine the evidence as a mere question of preponderance, we think the finding amply sustained. There was really no evidence to show defect of mental capacity on the part of the testator. The contestant's

chief witness, the son of the testator, who was cut off with five dollars, conceded his father's intelligence, at the date of the will, and up to the time of his death. Nor was there any evidence of undue influence by his wife, or his daughter and her husband who lived on the place where the testator died— except the testimony of the wife, which, when considered in connection with all the other evidence, seems an empty boast of influence and control never possessed. The fact that she renounced the will can hardly be reconciled with her claim, that she could have induced the testator to make his will just as she wanted it. The fact also, that this will was a mere copy of a previous one, executed the year before, with the exception of a devise to his daughter, Mrs. Greer, of 40 or 50 acres of land, rendered unnecessary by a deed executed in the interim between the two wills, and a bequest of two hundred dollars to his wife, shows ample time for deliberation on the part of the testator.

This court therefore has no ground for disturbing the verdict of the Circuit Court.

The only questions presented are, whether the court did right in rejecting the proposal to prove admissions or declarations of Mrs. Harris as to her influence over the testator, and the instructions refused and given.

Parties to a suit to establish a will, are now competent witnesses. Whether the ancient doctrine that their admissions were always evidence against them is now abolished, it is not necessary to decide. Mrs. Harris, whose admissions were offered, was subsequently examined and, we may assume, stated everything in court which she had said out of court. The exclusion of Mrs. Harris' admissions or declarations in this case could not have injured the contestants, and therefore is no ground for reversal.

The second question is as to the instructions. We have copied only one of them.

The eleven others are declarations of law conceded to be correct, as applicable to certain varied hypothetical assumptions of fact, and might have been properly given; but the same

principles of law are substantially asserted in the instructions given by the court, with the omission of detailed facts hypothetically stated in the contestant's instructions. The instruction given conceded, that the will must be set aside if the proof was satisfactory, either of mental imbecility, or undue influence. The particular facts, which might conduce to establish this result, were a matter of evidence and not of law.

The refused instruction, which we have copied, is the counterpart of the one given by the court in regard to the form of proceeding, and was properly refused after the case had been conducted throughout on a different theory by both parties. The case was tried on the theory or doctrine maintained in Farrell's Admr. vs. Brennan's Admr., 32 Mo., 332, and although that is not the practice recently approved, the result practically must have been the same under either form of proceeding. The contestants conducted their case on this theory in 32 Mo., but after the evidence was closed on both sides, insisted, by an instruction, on the case being tried differently; the refusal of this instruction is no ground for reversal.

The proper course, doubtless, is for the proponent of the will to introduce the subscribing witnesses, or, in case of their death, proof of their hand-writing, and establish by them the execution of the will and the sanity of the testator. This makes a *prima facie* case, and the burden of establishing incompetence or undue influence rests then on the contestants. In the present case the contestants offered the probated will in evidence, and proceeded to establish the incapacity of the testator, assuming throughout that it was properly signed and attested, and assuming also the burden of establishing incapacity or undue influence.

The decree or final order of the court that, the bill be dismissed, was erroneous, because upon the issue of *devisavit vel non* the court should have established or rejected the will. This decree of dismissal will be reversed, and this court proceeding under the 34th section of the practice act, (W. S., 1068,) will enter a judgment that the paper writing admitted to probate by the Probate Judge of Lafayette county, as the will of

James W. Harris, deceased, was the last will and testament of said James W. Harris.

Judgment reversed, and judgment entered here. The other Judges concur.