PAULINE MILTENBERGER ET AL., Respondents, v. EUGENE MILTENBERGER ET AL., Appellants.

### February 3, 1880.

If the proponents of a will rejected by the Probate Court fail, on appeal to the Circuit Court, to prove the execution and attestation of the will by the subscribing witnesses who testify in the cause, the proponents will not be permitted to prove these facts by their own testimony, they being the beneficiaries under the will.

APPEAL from the St. Louis County Court.
*Reversed, and judgment.*

OVERALL & JUDSON, for the appellants : It was necessary for the proponents to prove by the subscribing witnesses that the instrument was signed as a will. — *Withinton* v. *Withinton*, 7 Mo. 589 ; *Cravens* v. *Falconer*, 28 Mo. 22 ; *Wild* v. *Sweeney*, 85 Ill. 50 ; *Lamb* v. *Helm*, 56 Mo. 432 ; *Harris* v. *Hayes*, 53 Mo. 90 ; *Benoist* v. *Murrin*, 58 Mo. 301 ; *Gerrish* v. *Mason*, 22 Me. 438.   And the sanity of the decedent must be established in the same manner. — *Allison* v. *Allison*, 46 Ill. 62.

CHARLES E. PEARCE, for the respondents : The testimony of the proponents as to the facts which took place when the will was executed — *i.e.*, the *factum* — is competent. — *Gamache* v. *Gambs*, 52 Mo. 287 ; *Harris* v. *Hays*, 53 Mo. 95 ; *Garvin* v. *Williams*, 50 Mo. 213 ; *Shailer* v. *Bumstead*, 99 Mass. 112, 130 ; *Davis* v. *Rogers*, 1 Houst. 58 ; *Eliot* v.

*Eliot*, 10 Allen, 358 ; *Lewis* v. *Lewis*, 11 N. Y. 220. It is not necessary for a testator to declare, in terms, " this is my will." The act of signing in presence of witnesses, or any act, or sign, or thing indicative, is sufficient. — 1 Redf. on Wills, 238 ; *Osborn* v. *Cook*, 11 Cush. 536 ; *Hess's Appeal*, 54 Pa. 73 ; *Dean* v. *Heirs of Dean*, 27 Vt. 746 ; *Watson* v. *Pipes*, 32 Miss. 451 ; *Ela* v. *Edwards*, 16 Gray, 91.

HAYDEN, J., delivered the opinion of the court.

This is an action to establish under the statute, as the last will of Theresa K. Miltenberger, the mother of the parties to this suit, a paper which had been rejected when offered for proof in the St. Louis Probate Court. The alleged will was executed on August 22, 1873, and bequeaths to Eugene, Clemence, and Charles one dollar each, and to Pauline and Elise, or the survivor, all being children of the deceased, the rest of the estate. The attesting clause is as follows : " Signed, sealed, and published by said testatrix, before us, as witnesses, and we have hereunto signed our names in the presence of said testatrix, and in presence of each other. Barney Northoff, Mary Northoff." The evidence of these witnesses, as taken in the Probate Court, was as follows : " We saw Theresa Miltenberger, now deceased, subscribe her name to the annexed instrument in writing, bearing date of the twenty-second day of August, 1873. We were called from our residence, adjoining that of said decedent, by Elise Miltenberger, her daughter, and requested by said Elise to witness the execution of her mother's will. We came to the room of the decedent, where she was then sitting, and in our presence she then signed said instrument ; we then, as requested by said Elise Miltenberger, signed said instrument as witnesses thereto, in the presence of said decedent. We do not remember whether or not said instrument, or the attestation at the bottom thereof, was read to us or in our hearing, or whether or not we, or either of us, read it at the time of our

signing it as witnesses.    We likewise do not remember hearing the said decedent make any remark or declaration concerning the nature of said instrument, or whether she desired the same to be her will.    We are unable to say or determine in our mind whether or not the said Theresa Miltenberger, at the time of signing said instrument, was of sound and disposing mind, and capable of making a testamentary disposition of her property.''

Upon the trial below, the will, with the above affidavit, was introduced, and the subscribing witnesses were called. It appeared from their testimony that the deceased was an old lady over eighty years of age, who resided with her two daughters.    She was a native of Alsace, and German and French were the languages which she used.    She was not able to read English, the language in which the will was written.    When, at the close of the testimony of the subscribing witnesses, the respondents offered the will in evidence, the appellants objected on the ground that the proof of the subscribing witnesses was not sufficient to establish the execution and attestation of the will.    The court refused so to rule, on the ground that the respondents had not closed their case ; and the respondents then testified to the following effect : One of the respondents sent for the witnesses, and in the presence of the witnesses, of the respondents, and of the decedent, one of the respondents said in German, `` This is my mother's will.    She gave to my sister Elise and me all she has, and she wants us to help Charles if he should be in need of it.    Mother added, ' You will help Charles, if he is in need ; ' and that she said twice.'' The decedent then signed the will, and the two witnesses signed their names as such.    Other witnesses as well as the respondents gave testimony tending to prove the testamentary capacity of the decedent, but the respondents were the only witnesses besides the two Northoffs who gave any testimony on the subject of the execution and attestation.    At the close of the respondents' case the appellants renewed

their objection, and on the court's overruling this, on evidence being offered for the appellants, there was judgment establishing the will.

The question involved is whether, if the proponents of a will rejected by the Probate Court fail to prove the execution and attestation in the Circuit Court by the subscribing witnesses, when such witnesses are produced, these facts can be proved by the proponents, being the benificiaries under the will. For the purposes of this case the question in any broader form need not be discussed, though under our Statute of Wills, and the decisions under it, the party who asserts the validity of a will must prove it as though no action had been taken in the Probate Court. The regular course of proceeding is, that if the subscribing witnesses are living, the proponents introduce them, and by their testimony make out a *prima facie* case. In other words, these witnesses should at least give testimony tending to prove the execution and attestation of the will and the sanity of the testator — testimony which would have been required of them in the Probate Court. Otherwise, it is difficult to see how, upon the trial anew, the proponents comply with the statute. Here the will had never been proved. Entering upon the matter as *res integra*, how is the proponent to establish the will? He certainly ought not to be allowed to disregard the witnesses to the will and establish it by the legatees. If so, it is the interested parties who in the first instance prove the will, — the persons whom the law will not recognize as both beneficiaries and witnesses, — and not those whom the statute prescribes. It is true that the law does not disqualify the beneficiaries from being witnesses upon the trial. *Garvin* v. *Williams*, 50 Mo. 206 ; *Shailer* v. *Bumstead*, 99 Mass. 112. But that is not the question. It is with the *prima facie* proof that we are here concerned. In many, perhaps most cases, the plaintiffs are contestants and the defendants proponents, and the burden to make out a *prima facie* case is

upon the defendants, who accordingly have the opening and close.   *Tingley* v. *Cowgill*, 48 Mo. 291.   In some suits no serious question is made as to the *prima facie* case, the contest getting beyond that point.   But in the case at bar the plaintiffs are the proponents ; hence the burden is on them. No case, on the surface, is admitted by the contestants ; on the contrary, they deny the formal parts of the proponents' case, and contest the *factum* of signing the paper writing as a will.   Upon this state of things, to allow proof by the beneficiaries, upon the failure of the witnesses to the will, would be to disregard the statute, from which the will gets its being.   If this could be done, it would be a matter of indifference in any case whether the witnesses knew anything, or were more than nominally such ; since, in case their names appeared to the attesting clause, whatever took place in the Probate Court, the interested parties would institute proceedings in the upper court, and, evading the law, prove the essential facts that go to make up the execution and attestation, as they were proved in the case at bar, by the testimony of the parties who procured the making of the will and in whose favor the will was made.

The precise point here involved has not been decided in this State, but no other ruling than that now made can be harmonized with the decisions and with what has been said as to proceedings of this kind.   *Lamb* v. *Helm*, 56 Mo. 432 ; *Harris* v. *Hayes*, 53 Mo. 96 ; *Benoist* v. *Murrin*, 48 Mo. 48 ; *s. c.* 58 Mo. 308.   It may be asked how, if, as is the rule, the burden is on the proponents, and remains with them, and thus they may introduce their evidence in a body, even if the subscribing witnesses fail to prove the execution or attestation, the court can separate the evidence, or rule that the proponents have not made out their case, when the testimony of all of the witnesses is competent.   But this question ignores the real issues in the case.   Here is not a mere question of recovery, as in an ordinary suit.   The proponents have no case unless they establish the will, and this

they can do, when its execution and attestation are denied, only by proving these ; and proof different from that which the law prescribes is no proof. Though the evidence required may be slight, some evidence tending to show a *prima facie* case must be given by the witnesses to the will. If not, and the legatees may prove the execution and attestation, then the statute is set at naught. Thus, in the case at bar, the deficiency of proof as to the attestation was as palpable as if there had been only one witness to the will. Neither witness gave any evidence tending to show that the paper, written in a language which the decedent could not read, was signed as her will, or even that she knew its contents. One of the two testified that the decedent signed after the witnesses signed, yet there was no testimony as to any acknowledgment.

Under these circumstances, the judgment of the court establishing the will necessarily implies that the *prima facie* case, even as to the execution and attestation, may be made out in the Circuit Court — when the witnesses to the will are produced at the trial, and fail to make such case out — by the proponents, the parties in whose favor the will is made. We are of opinion that this cannot be done.

As, from the nature of the case, the respondents cannot supply the deficiency, the judgment will be reversed, and judgment will be entered here that the paper writing produced is not the last will and testament of the decedent. Judge BAKEWELL concurs ; Judge LEWIS is absent.