MARY F. HOYT, Respondent, v. WILLIAM DAVIS and J. T. HERRON, Executors, *et al.*, Appellants.

St. Louis Court of Appeals, April 10, 1888.

1. PRACTICE—JUDGMENT ON ONE OF TWO CONCURRENT FINDINGS. Where the judgment rendered is properly consequent upon a finding of the court which was supported by competent testimony, it is not material to consider whether another finding, whose legal effect should be the same, was also sufficiently supported by the testimony.

2. WITNESSES—COMPETENCY OF WIDOW TO TESTIFY ON HER CLAIM OF DISTRIBUTIVE SHARE.—In a proceeding instituted by a widow for a distributive share in her deceased husband's estate, she is not incompetent as a witness, by reason of anything contained in section 4010 of the Revised Statutes. Neither the deceased, in his lifetime, nor his executor, can be considered as a party adversary to the plaintiff, in the matter of controversy.

3. EVIDENCE—COMMUNICATIONS BETWEEN MARRIED PERSONS.—Where a plaintiff widow, testifying in her own behalf before the court sitting as a jury, persistently, and against objections sustained by the court, repeats statements made to her by her deceased husband, and the court finally declares the law to be, that such statements are not admissible or competent as evidence in the cause—there being at the same time other and competent testimony tending to the same result—it is not to be deemed that the court's conclusion is influenced by such incompetent testimony, or that any prejudicial error is involved therein.

APPEAL from the Shelby Circuit Court, HON. THOMAS H. BACON, Judge.

*Affirmed.*

B. F. DOBYNS and R. P. GILES, for the appellants: Moulton Hoyt, deceased, the husband of the plaintiff, was one of the original parties to the cause of action in issue and on trial, and the plaintiff being the other party she was not a competent witness to testify on the trial of this cause. Rev. Stat., sec. 4010 ; *Meier v. Thieman,* 90 Mo. 433 ; *Chapman v. Dougherty,* 87 Mo. 617 ; *Ring v. Jamison,* 66 Mo. 424 ; *Angell v. Hester,* 64 Mo. 142 ; *Sitton v. Shipp,* 65 Mo. 297 ; *Bank v. Hunt,* 25 Mo. App. 170 ; 1 Whart. on Evid. (1 Ed.) sec. 466. The executors of Mr. Hoyt being parties defendant, in this action, and the plaintiff being the other party, it was error to permit her to testify in her own favor, except as to such acts as have been done since the probate of the will. Rev. Stat., sec. 4010 ; *Weiland v. Wayland,* 64 Mo. 168 ; *Kellog v. Malin,* 62 Mo. 429 ; *Poe v. Domic,* 54 Mo. 119 ; *Johnson v. Quarles,* 46 Mo. 423 ; *Slanton v. Ryan,* 41 Mo. 510 ; *Wade v. Hardy,* 75 Mo. The error in this respect was not cured by the action of the court in sustaining objections to plaintiff testifying to any statements made by her husband. Being excluded from testifying to the statements of her husband, she should also have been excluded from testifying to any acts accompanying such statements, or to which such statements related. *Holman v. Bachus,* 73 Mo. 49 ; *Moore v. Wingate,* 53 Mo. 398 ; *Waddle v. McWilliams,* 21 Mo. App. 298. Nor was the error complained of cured by the action of the court in giving the declaration of law that the plaintiff's sworn rehearsal of the statements of her husband were not admissible in evidence and not to be considered.

W. O. L. JEWETT and W. M. BOULWARE, for the respondent: It is a matter of no significance that the

act of the deceased is the subject-matter of controversy. Hence it is settled law that all parties are competent witnesses in a proceeding to contest the validity of the will. *Garvin's Adm'rs v. Williams*, 50 Mo. 212. Also that in a controversy concerning advancements, in a proceeding for distribution, all parties, including the widow, are competent witnesses. *Spradling v. Conway*, 51 Mo. 54. It need scarcely be observed that the competency of a widow is not more restricted than that of a married woman. On the contrary, while at common law a married woman could not testify at all in a case of her husband, neither for him nor against him, a widow could testify in behalf of or against his estate subject to the restriction concerning confidential communications. *Scroggin v. Holland*, 16 Mo. 419 ; *Stein v. Weidman's Adm'r*, 20 Mo. 17 ; *Sherwood v. Hill*, 25 Mo. 394.

THOMPSON, J., delivered the opinion of the court.

Mrs. Hoyt filed her petition in the probate court of Shelby county, claiming one-half of the personal estate of her deceased husband, Moulton Hoyt, under the provisions of section 2189, Revised Statutes. The only defence was, that she was barred of her right to this share in the personal estate of her husband under the provisions of section 2204, Revised Statutes, by reason of having voluntarily left her husband and continued with an adulterer. On appeal to the circuit court the cause was tried before the judge sitting as a jury, and there was a verdict and judgment for the defendants. From this judgment Mrs. Hoyt prosecuted a writ of error to this court, and such proceedings were had in this court, that the judgment was reversed and the cause remanded to the circuit court for further proceedings. In the opinion of this court (21 Mo. App. 235), it was held that the share in the personal estate of her deceased husband claimed by Mrs. Hoyt is "dower" within the meaning of section 2204, Revised Statutes, which bars jointure and dower in cases where the wife has voluntarily left her husband and continued with an adulterer. This

court also held that section 2204, Revised Statutes, does not apply in a case where the wife, after her husband has deserted her and failed to provide for her and contracted a bigamous marriage with another woman, goes away from her former domicile and lives with an adulterer. After being remanded by this court, the cause was again tried in the circuit court by the judge sitting as a jury, and the trial resulted in a finding and judgment for the petitioner. The learned judge gave, on the merits of the controversy, a declaration of law which is not and could not be complained of. He also made a special finding of the facts, which, though not authorized by our procedure, may perhaps be looked to in connection with the declaration of law as indicating the grounds upon which he rested his judgment. But whether it may be looked to or not is not material. The substance of the finding was two-fold: (1) That Mrs. Hoyt was abandoned and deserted by her husband, Moulton Hoyt, as above recited, he subsequently contracting a bigamous marriage with one Emily McLean; (2) that, although she had subsequently gone away from her father's house with one Davis and had remained away for a short time, it was not for the purpose of adultery and she had not in fact committed adultery. Whatever may be said as to the second of these two findings, which rested for its support upon the testimony of Mrs. Hoyt herself, it must be said that the first was supported by substantial evidence, and this, under our former decision, was sufficient to require the rendition of judgment in favor of Mrs. Hoyt. For the purpose of making clearer what we shall subsequently decide in this case, we may add that if the testimony of Mrs. Hoyt were entirely stricken out of the record, this finding would remain supported by substantial evidence.

The errors assigned on the record relate to the rulings of the court in admitting Mrs. Hoyt to testify as a witness at all, and also in allowing her to testify to

certain statements made by her deceased husband in the nature of confidential communications.

I.   The first ground on which the competency of Mrs. Hoyt as a witness is objected to is, that she is a party to the cause of action, and that one of the original parties thereto, to-wit, her late husband, Moulton Hoyt, is dead ; wherefore it is argued she is excluded by the terms of section 4010, Revised Statutes.   This ground of objection is, in our opinion, too strained to require much discussion.   No cause of action such as that upon which the objection proceeds existed while her husband was alive.   The cause of action being a right to a distributive portion of his estate after his death and after the satisfaction of the demands of creditors, did not arise until the happening of these two events.   Her deceased husband is in no sense one of the original parties to the cause of action within the meaning of the statute ; but, instead of claiming against him, she is claiming under him.   In this respect her position is entirely different from that of a creditor suing to establish a contested demand against the estate of a deceased person.

II.   The next ground of objection to the competency of Mrs. Hoyt as a witness in the case is grounded upon the succeeding clause of section 4010, Revised Statutes, which recites that, " where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator."   In order to bring the case within the intendment of this provision, there must be a proceeding *inter partes* in which the executor or administrator is an adversary party on one side and the party tendered as a witness is an adversary party on the other side.   Something more is required than the mere presence of the executor or administrator as a party to the record.   Certainly he is a necessary party,

and may even appeal from an order of distribution which he deems to be erroneous or injurious to the estate. *Estate of McCune*, 76 Mo. 200. But it does not follow in such a proceeding as this that he is one party, and the widow of the deceased claiming a distributive share is "the other party," within the meaning of the statute. This is rather a proceeding *in rem*, such as a proceeding to contest the validity of a will, in which, notwithstanding this statute, all the distributees are competent to testify, though the executor is, as here, a necessary party. *Garvin's Administrator v. Williams*, 50 Mo. 206, 212. At most, this is a matter in controversy between the distributees, in which the executors are mere stakeholders, so to speak—custodians of the fund which in any event must pass entirely out of their hands, so that they have no personal interest in the question into whose hands it shall be adjudged to pass, unless they themselves are also distributees, which is not the case here. Not they, but the opposing distributees, are the adversary parties. In such a case, it has been held by our Supreme Court, in a judgment which, so far as we can see, has never been overruled or even questioned, that the widow of the deceased is a competent witness. *Spradling v. Conway*, 51 Mo. 51. The question has been ably presented by counsel both in their printed and oral arguments; but whatever view we might be disposed to take of it if we could regard it as an open question, we must hold that it is concluded by this decision, and that Mrs. Hoyt was a competent witness in the case.

III. But this leaves untouched the third ground of objection, which goes only to some of her testimony. The clauses of the statute which we have been considering relate entirely to exclusion on the ground of interest. The one which we are about to consider (Rev. Stat., sec. 4014) relates to a ground of exclusion founded in the public policy of closing the mouth of a married woman or widow from testifying as to admissions or conversations of her husband, whether made to herself or to third

parties. In the course of her testimony, Mrs. Hoyt, against the repeated objections of the other parties to the controversy, testified to statements made to her by her deceased husband. But the court sustained all of these objections. The testimony nevertheless got in through the apparent haste and indiscretion of a woman testifying in her own behalf, who had not the discrimination to separate statements of fact from qualifying and explanatory conversations. At the close of the whole case, the court did all that could be done to cure this inadvertent conduct of the petitioner, by giving the following declaration of law:

"The court declares the law to be, that the plaintiff's sworn rehearsals of the alleged statements of Moulton Hoyt are not testimony herein and nowise admissible in evidence. They are simply volunteer remarks of the witness, not a part of her testimony, but unlawfully interpolated therein, and nowise to be considered."

We must, therefore, conclude that the learned judge did not consider these statements in making his finding, especially as it was supported by other substantial evidence in the case. Had the case been tried before a jury, the conduct of the witness in rehearsing these statements, contrary to the rulings of the court, might have been presumed to have wrought such prejudice in the minds of the jury as could not be cured by an instruction directing them not to consider the statements; but we cannot suppose such to have been the case where the issues of fact were tried by the judge, and, therefore, we must hold that this assignment of error is not well taken

It results that the judgment must be affirmed. It is so ordered. Judge Rombauer concurs.